IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**COURTNEY NORTON,**

    **Petitioner,**

v.                                              CIVIL ACTION NO. 1:05CV83
                                              CRIMINAL ACTION NO. 1:03CR32-1
                                                           (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

On May 20, 2005, the <u>pro se</u> petitioner, Courtney Norton ("Norton"), filed an Application for Post Conviction Relief Pursuant to 28 U.S.C. § 2255.[1] On August 24, 2007, United States Magistrate Judge John S. Kaull entered a Report and Recommendation ("R&R") which recommended that Norton's 2255 petition be denied and

---

[1] Norton asserts the following four grounds for relief: (1) the Court erred by sentencing the petitioner based on relevant conduct of 192 grams; (2) the petitioner's plea was not knowing and voluntary because the Court did not explain that his sentence could be enhanced based on conduct outside the count to which he pled; (3) the government failed to prove by a preponderance of the evidence that the petitioner was responsible for 192 grams of cocaine; and (4) the Court erred by not making particularized findings as to the actual amount of drugs to be attributed to the petitioner. Norton admits that these grounds should normally have been raised on direct appeal, but he argues that due to ineffective assistance of counsel, he should be allow to pursue these grounds in a § 2255 petition.

dismissed with prejudice. On October 25, 2007, Norton filed objections to the R&R.

Norton raises two issues in his objections: (1) He claims that the Court failed to advise him that he was pleading to a charge with a mandatory minimum sentence; and (2) Defense counsel advised him that he had ten days to file an appeal which, he contends, means that defense counsel realized that Norton had legitimate defenses and should have filed the appeal in a timely fashion.

This Court reviews the issues raised in Norton's objections de novo, but may adopt any areas of the R&R to which Norton did not object without conduct a de novo review.

Upon de novo review, the Court finds that the Magistrate Judge correctly applied the controlling authority of Bousley v. United States, 523 U.S. 614 (1998). Norton's issues should have been asserted in a direct appeal and, by not filing such an appeal, those issues have been waived. Furthermore, Norton has never asserted that he asked his counsel to file a direct appeal, thus counsel could not have been ineffective for failing to do so. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Consequently, this Court **ADOPTS** Magistrate Judge Kaull's Report and Recommendation in its entirety, **OVERRULES** all of Norton's objections, **DENIES** Norton's petition (civ. dkt. no. 1 &

2

**NORTON V. UNITED STATES OF AMERICA** 1:05CV83
 1:03CR32-1

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

crim. dkt. no. 260), and **ORDERS** that Norton's case be **DISMISSED WITH PREJUDICE**.  The Court further **ORDERS** the Clerk to **STRIKE** this case from the Court's docket.

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: October 29, 2007.

> /s/ Irene M. Keeley
> IRENE M. KEELEY
> UNITED STATES DISTRICT JUDGE